UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEAN B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:20-CV-0298-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted Dr. Raphael Stricker's opinion. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On October 14, 2015, Plaintiff filed an application for SSI, alleging disability as of May 17, 2014. *See* Dkt. 8, Administrative Record ("AR") 13. The application was denied upon initial administrative review and on reconsideration. *See* AR 13. A hearing was held before ALJ C. Howard Prinsloo on November 14, 2018. *See* AR 13. In a decision dated December 19, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 22. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical opinion evidence; and (2) discounting Plaintiff's testimony and the lay witness testimony. Dkt. 10.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.    Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ improperly discounted Dr. Stricker's opinion. Dkt. 10, pp. 3-11.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or

1 examining physician's opinion is contradicted, the opinion can be rejected "for specific and
2 legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at
3 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*,
4 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and
5 thorough summary of the facts and conflicting clinical evidence, stating his interpretation
6 thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing
7 *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

8   Dr. Stricker, Plaintiff's treating Lyme disease and Babesiosis physician, completed a
9 medical opinion form describing Plaintiff's limitations caused by her conditions. AR 831-833.
10 He indicated Plaintiff's diagnoses were Lyme disease and Babesiosis. AR 831. Dr. Stricker
11 opined Plaintiff's complaints of excessive fatigue, cognitive impairment/brain fog, tingling and
12 stiffness in her upper and lower extremities, muscle pain at multiple sites, and extreme weakness
13 are consistent with her diagnoses. AR 831-832. Dr. Stricker found Plaintiff would have problems
14 staying on task for a two-hour period more than once a day, and that those lapses would last for
15 an hour or more. AR 832. He also opined Plaintiff would miss work more than once a week due
16 to her conditions. AR 833.

17   The ALJ discussed Dr. Stricker's opinion and gave it minimal weight for three reasons:
18 (1) Dr. Stricker did not provide any objective basis or explanation for the limitations he assessed;
19 (2) it is inconsistent with Dr. Stricker's own treatment records; and (3) it is inconsistent with
20 Plaintiff's ability to complete her college coursework and babysit "in a presumably responsible
21 manner[.]"[1] AR 19-20.

---

[1] The Court notes the ALJ may have discounted Dr. Stricker's opinion because it is inconsistent with the overall evidence and because Dr. Stricker relied on Plaintiff's subjective reports, which are not wholly reliable. AR 19-20. Defendant does not argue, nor does the Court find, these two additional reasons are valid to discount Dr.

The ALJ first discounted Dr. Stricker's opinion because he did not provide any objective basis or explanation for the limitations he assessed. AR 19. An ALJ may "permissibly reject" a physician's reports "that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)). But a physician's opinion cannot be rejected if the opinion is supported by treatment notes. *Esparze v. Colvin*, 631 Fed. App'x 460, 462 (9th Cir. 2015). Here, treatment notes support Dr. Stricker's opinion. For example, in one instance, a scan of Plaintiff's brain "showed a great deal of inflammation" due to Lyme disease. AR 472; *see also* AR 444. Further, the ALJ himself acknowledged Dr. Stricker indicated his opinion was supported by lab testing and a brain scan. *See* AR 19, citing AR 831. Additionally, the record contains multiple lab tests showing Plaintiff tested positive for Lyme disease and Babesiosis. *See* AR 590, 788, 792. The record also contains evidence indicating Plaintiff had problems with concentrating, cognition, and stamina.[2] *See*, *e.g.*, AR 477, 586, 590, 593. Accordingly, because Dr. Stricker's opinion is supported by treatment notes, the ALJ's first reason for discounting Dr. Stricker's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Stricker's opinion because it contradicts his own treatment records. AR 20. "A physician's opinion can be discredited based on contradictions

---

Striker's opinion. *See* Dkt. 13, pp. 5-11. As such, the Court will not discuss these reasons for giving minimal weight to Dr. Stricker's opinion.

[2] Plaintiff argues "[i]t is noteworthy that the ALJ believed that the record's absence of 'any documented testing/examination of the claimant's concentration, cognition, or stamina' is significant." Tr. 19. Plaintiff mischaracterizes the ALJ's analysis. The ALJ did not find the record was ambiguous or inadequate to allow for proper evaluation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (finding that an ALJ must further develop the record if the evidence is ambiguous or the ALJ finds the record "is inadequate to allow for proper evaluation of the evidence"). Rather, the ALJ found Dr. Stricker's notes "do not contain any documented testing/examination of [Plaintiff's] concentration, cognition, or stamina[.]" AR 19. Accordingly, Plaintiff's argument is without merit.

between the opinion and the physician's own notes." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). But when discounting an opinion, the ALJ "must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence[.]" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted). Here, the ALJ failed to provide any reasoning after claiming Dr. Stricker's opinion is contradicted by his own treatment notes. *See* AR 20. Without more information or clarification regarding which treatment notes contradict Dr. Stricker's opinion and why they contradict the opinion, the Court is unable to determine whether the ALJ's reason is supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings"). Accordingly, the ALJ's third reason for discounting Dr. Stricker's opinion is not specific and legitimate and supported by substantial evidence.

      Third, the ALJ discounted Dr. Stricker's opinion because it is inconsistent with Plaintiff's ability to complete her college coursework and keep babysitting "in a presumably responsible manner[.]" AR 20. Courts have repeatedly stated that "a person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *see also O'Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991) ("The conditions of work are not identical to those of home life"). Plaintiff's ability to complete her college coursework and babysit does not necessarily show she could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to

explain how Plaintiff's ability to complete her college coursework and babysit shows she could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week"). In addition, a disability claimant "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Accordingly, the ALJ's fifth reason for discounting Dr. Stricker's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for discounting Dr. Stricker's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Stricker's opinion, the ALJ may have included additional limitations in the residual functional capacity ("RFC"). For example, Dr. Stricker opined Plaintiff would miss work more than once a week due to her conditions. AR 833. In contrast, in the RFC, the ALJ did not include any limitations regarding absenteeism. *See* AR 16.

Therefore, if Dr. Stricker's opinion were given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess Dr. Stricker's opinion on remand.

**II.     Whether the ALJ properly considered Plaintiff's testimony and the lay witness testimony.**

Plaintiff asserts the ALJ improperly considered her testimony regarding her symptoms. Dkt. 10, pp. 11-16. Plaintiff also asserts the ALJ improperly discounted the lay witness testimony. *Id*. at pp. 16-17. The Court concludes the ALJ committed harmful error in assessing Dr. Stricker's opinion and must re-evaluate it on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 14th day of September, 2020.

David W. Christel
United States Magistrate Judge